Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiff in error was sued on three promissory notes, made by an agent. He plead the general issue, and filed an affidavit of the truth, and that the notes were not made by him. G. H. Lyons signed the notes as attorney in fact for Carter. On the trial, the plaintiffs’ counsel read a power of attorney executed by Carter, by which Lyons was authorized to purchase goods to keep up a mercantile establishment owned by Carter in the city of Natchez, either for cash or on a credit, and was also authorized to make notes for that purpose. After having read the power of attorney, the notes were introduced and read by the plaintiffs’ counsel, without any proof of their execution ; but it does not appear that the defendant’s counsel objected. The affidavit was sufficient to put the plaintiffs on proof of the making of the notes, but by permitting them to be read without objection, the defendant waived the necessity of such proof. Some of the authorities go so far as to decide that even a general objection to the admissibility of evidence will not do; the party objecting must point out the ground of objection. But clearly, if evidence be admitted without any objection, it is too late to take exception to it on an application for a new trial, or to say in the appellate court that it was improperly admitted. Jackson, ex dem. Dox v. Jackson, 5 Cowen, 173; White v. Kibbing, 11 Johnson, 128.
Another objection is, that there was no proof that the notes were given on the purchase of merchandise to keep up the mercantile establishment, that being the only purpose for which *373 Lyons was authorized to bind his principal. As a general rulé, when a party is to be charged by the acts of his agent, the authority, if it he in writing, ought to be produced, so that it may be seen whether the thing done was authorized, and whether the authority has not been transcended. The plaintiff in error was sued on notes made by an agent. By the letter of attorney the power was given to make notes for merchandise, to keep, up a mercantile establishment. This was a general au-: thority in regard to a particular business. The principal was bound by every note made by the agent for the given purpose, but he was not bound to pay notes made in his name for other purposes. The legal validity of the notes, as the notes of Carter, was put in issue by the pleadings. They were not his notes unless made within the scope of the agent’s power, and it was incumbent on the plaintiffs below to show that they were given for merchandise to keep up the mercantile establishment. It was not sufficient to show that the agent had authority to make notes for a particular purpose, without also showing that these notes were given in the course of that business. He who seeks to make the principal liable for the act of his agent, must not only prove the agency, but must also prove, if it be a limited agency, that the transaction was within the scope of the power, as* on that depends the legal liability of the principal, unless such proof be dispensed with by the pleadings. Without such proof, the notes were not evidence of liability, .and of course were inadmissible; or, having been admitted without the preliminary proof, the jury might have been instructed to disregard them. Here again the defendant was at fault. No objection whatever was made; if it had been, the plaintiff could probably have laid the foundation for the introduction of the notes, by proving the consideration, and the failure to object must be regarded as a waiver of the objection. It comes too late on an application for a new trial. It would- be a surprise on the plaintiff. This is not the case of a verdict without evidence to sustain it, and therefore a proper one for a new trial; but it is a verdict upon sufficient evidence, which was admitted without a proper foundation being laid for its introduction. *374 Especially was the proof sufficient when taken in connection with the admissions of the agent, that he had purchased goods of the plaintiff. This was a circumstance conducing to prove that the contract was made within the scope of the authority, and the admissions of the agent, as to matters in which he is authorized to bind the principal, are the admissions of the principal. By permitting the notes to be read without objection, the defendant tacitly admitted that they were given for merchandise to keep up the mercantile establishment.
The judgment must be affirmed.